Exhibit A:  Complaint

Brian L. Hansen (13729)
FELLER & WENDT, LLC
1834 East 3100 North
Layton, Utah 84040
Telephone: (801) 499-5060
Facsimile: (801) 499-5064
*brianhansen@fellerwendt.com*

Attorney for Plaintiff

**IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT**
**WEBER COUNTY, STATE OF UTAH**

| | |
|---|---|
| **ANGELA REED,** an individual, <br><br>Plaintiff,<br><br>vs.<br><br>**TEXAS ROADHOUSE INC.,** a Corporation and **DOES 1 to 10**,<br><br>Defendants. | **COMPLAINT** <br><br><br><br><br>Case No.<br><br>Judge:<br><br>Tier: Three (3) |

Plaintiff, Angela Reed ("Plaintiff"), by and through Feller & Wendt, hereby complains against the above-named Defendants and alleges as follows:

**PARTIES AND JURISDICTION**

1. The incidents giving rise to Plaintiff's claims occurred in Weber County, Utah.

2. The incidents giving rise to Plaintiff's claims occurred at the Texas Roadhouse located at 3969 Wall Ave, South Ogden, UT 84405.

3.      Plaintiff Angela Reed is a resident of and domiciled in Weber County, State of Utah.

4.      Upon information and belief, Defendant, Texas Roadhouse, INC. is a domestic, for-profit, corporation with its principal place of business located at 6040 Dutchmans Lane, Louisville, KY 40205.

5.      The names and capacities, and or legal responsibility for the damages in this Complaint, whether individual, corporate, associate, or otherwise, of Defendants named herein as DOES 1 through 10, are unknown to Plaintiff, who therefore sues Defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names, capacities and liabilities of DOES 1 through 10 when ascertained.

6.      The dispute is based in Tort, and the amount demanded on behalf of Plaintiff is more than $300,000.00.  As such, pursuant to Rule 26, Utah Rules of Civil Procedure, Plaintiff's claims are hereby pled under Tier Three (3).

7.      This Court has jurisdiction over this matter pursuant to *U.C.A.* § 78A-5-102.

8.      Venue is proper in this Court pursuant to *U.C.A.* §78B-3-307.

## GENERAL ALLEGATIONS

9.      On or about Thursday, September 24, 2021, at approximately 4:30 PM Plaintiff was sitting on a bench west of the main entrance of the Texas Roadhouse in South Ogden, Utah.

10.     At this time, the restaurant was very busy and there were multiple patrons waiting to be sat.

11.     Plaintiff was among those patrons waiting to be sat and the bench she was sitting on was provided by Texas Roadhouse.

12.     When Texas Roadhouse was ready to seat Plaintiff, she stood up and walked eastward to go to the entrance.

13.     There was a large crowd of patrons around the main entrance of the building.

14.     Plaintiff was looking straight ahead to get through the crowd to the main entrance.

15.     When coming around the corner, Plaintiff's foot was caught on a large rock, causing her to fall forward hitting her left hand, and chin on the concrete.

16.     A photo of the rock is embedded below:



17.     The rock was placed on the sidewalk just before the main entrance of the building, where patrons exit and enter the building.

18.     As a result of the fall Plaintiff fractured the left fifth finger and bruised her chin.

19.     As a result of Defendants' actions, Plaintiff suffered bodily injury which caused her pain and suffering, disability, mental anguish, diminished capacity to enjoy life, expense of hospitalization, expense of medical and therapeutic care.  The conditions are either permanent or continuing in nature, and Plaintiff will, in the future, continue to suffer the losses described above.

20.     As a result of Plaintiff's injuries, she has suffered general and special damages in an amount to be ascertained at the time of trial, subject to proof, which damages are more than $300,000.00, including but not limited to, medical, hospital, doctor and drug expenses in the past and reasonably anticipated in the future, out-of-pocket expenses, physical pain and suffering in the past and reasonably anticipated in the future, emotional pain and suffering in the past and reasonably anticipated in the future, loss of her ability to enjoy life, mental anguish, impairment and/or disability, and increased likelihood of re-injury or aggravation.

## FIRST CLAIM FOR RELIEF
(Negligence)

21.     Plaintiff incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs.

22.    Defendants owed a duty to Plaintiff to ensure that the walkways that served as a means of ingress and egress to their building were free and clear of any hazardous conditions.

23.    Based on information and belief, Defendants created the hazard that caused Plaintiff to fall as they used the rock to occasionally prop open the front door to their building.

24.    If Defendants did not create the hazard, then, in the alternative, they failed to monitor and maintain the walkway in a safe condition.

25.    Defendants breached their duty of care by failing to safely maintain the walkways that they knew their patrons would be using to enter and exit the restaurant.

26.    As a direct and proximate cause of Defendants' breach of their duty of care, Plaintiff suffered general and special damages in an amount to be ascertained at the time of trial, subject to proof, which damages are more than $300,000, including but not limited to, medical, hospital, doctor and drug expenses in the past and reasonably anticipated in the future, loss of wage earnings reasonably anticipated in the future, out-of-pocket expenses, physical pain and suffering in the past and reasonably anticipated in the future, emotional pain and suffering in the past and reasonably anticipated in the future, loss of her ability to enjoy life, mental anguish, impairment and/or disability, and increased likelihood of re-injury or aggravation.

## SECOND CLAIM FOR RELIEF
(Respondeat Superior)

27. Plaintiff incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs.

28. The Texas Roadhouse location in South Ogden Utah was owned and operated by Texas Roadhouse Inc. at the time of the incident on Thursday, September 24, 2021.

29. Texas Roadhouse Inc had a duty to properly hire, train, and supervise their employees.

30. Upon information and belief, Texas Roadhouse Inc failed to property hire, train, and/or supervise their employees in the following ways.

31. Texas Roadhouse Inc failed to supervise their employees to ensure they were safely maintaining their walkways.

32. Texas Roadhouse Inc failed to train their employees in maintaining a safe walkway for their patrons and ensuring no hidden dangers existed.

33. As a direct and proximate cause of Defendants' breach of their duty of care, Plaintiff suffered general and special damages in an amount to be ascertained at the time of trial, subject to proof, which damages are more than $300,000, including but not limited to, medical, hospital, doctor and drug expenses in the past and reasonably anticipated in the future, loss of wage earnings reasonably anticipated in the future, loss of ability to earn wages, out-of-pocket expenses, physical pain and suffering in the past and reasonably anticipated in the future, emotional pain and suffering in the past and

reasonably anticipated in the future, loss of her ability to enjoy life, mental anguish, impairment and/or disability, and increased likelihood of re-injury or aggravation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For past, present and future special damages, including medical expenses and out-of-pocket expenses in an amount to be established at trial;

2. For past, present, and future general damages, including physical pain and suffering, emotional pain and suffering, loss of enjoyment of life, permanent impairment and/or disability in an amount to be established at trial.

3. Damages for emotional distress suffered by the Plaintiff;

4. For pre-judgment and post-judgment interest, cost of Court, and such other relief as the Court deems equitable.

5. Reasonable attorney fees and costs incurred herein;

6. In the event of a default judgment against Defendants, an award of $500,000 exclusive of costs and interest against Defendant; and

6. Such other relief as may be deemed fair and equitable under the circumstances.

DATED this 8th day of December, 2022.

        FELLER & WENDT, LLC


        /s/ Brian L. Hansen
        Brian L. Hansen
        Attorney for Plaintiff